IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JACOB MUSICH, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:18-CV-258 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

# ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R"), Dkt. No. 20. The Court is also in receipt of Petitioner Jacob Musich's ("Musich") Objections to the M&R, Dkt. No. 22. Musich filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 21, 2018. Dkt. No. 1. Respondent filed a motion for summary judgment which is the subject of the M&R. Dkt. Nos. 15, 19, 20.

## I. M&R

The Magistrate Judge recommends that Respondent's motion for summary judgment be granted and Musich's petition be denied in part and dismissed in part as unexhausted and procedurally barred. Dkt. No. 20 at 26. The M&R further recommends that any request for a Certificate of Appealability be denied. *Id.* Musich objects that the law established by *Lafler* and *Frye* regarding ineffective assistance of counsel and plea offers was not followed in the M&R. Dkt. No. 22 at 4-5; *see Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). Musich also objects to the M&R's recommendations concerning ineffective assistance of counsel during and after trial. Dkt. No. 22. The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

*Lafler* and *Frye* apply the ineffective assistance of counsel standard to the specific factual situation of a plea offer. *In re King*, 697 F.3d 1189 (5th Cir. 2012). The M&R did not need to cite *Lafler* and *Frye* directly because the Magistrate Judge stated the legal standard for review of a state court proceeding and ineffective assistance of counsel. *See* Dkt. No. 20 at 17; *Frye*, 566 U.S. 134; *Lafler*, 566 U.S. 156. *Lafler* and *Frye* also involve instances where an attorney's deficient performance had already been established. *Id*; *see also Arnold v. Thaler*, 484 F. App'x 978, 981 (5th Cir. 2012). Here, the factual issue of whether Musich was given notice of the plea offer had been implicitly resolved during Musich's state court challenge in the affirmative. *See* Dkt. No. 16-28 at 87. Musich encourages the Court to reweigh the facts that were before the state court regarding ineffective assistance and the plea offer. Dkt. No. 22 at 4. But as the M&R states that is not the role of this Court on habeas review:

> "In denying this claim, the state court implicitly made a credibility determination in Woerner's favor, and that determination is presumptively correct. *Garcia*, 454 F.3d at 444 (stating that the presumption of correctness applies equally to implicit factual findings). Based on Woerner's affidavit, he discussed the potential 40-year plea deal with Musich and his family on several occasions, but they rejected it in favor of the ultimate trial strategy of pleading guilty before the jury and seeking a lower sentence based on Musich's remorse. (D.E. 16-28 at 70-72). Woerner's account of the facts was also supported by co-counsel Burt's affidavit. (*Id*. at 84). In order to overcome the presumption in favor of the state court's factual findings, Musich carries the burden of rebutting this account with clear and convincing evidence, which he has not done. *Garcia*, 454 F.3d at 444. Beyond his own verified Rule 11.07 application, Musich provided no evidence rebutting Woerner's affidavit."

Dkt. No. 20 at 19-20.

After review of Musich's objections, the Court concludes all objections are frivolous and general in nature and are adequately addressed by the M&R. *See Battle*, 834 F.2d 419.

## II. Conclusion

After independently reviewing the record and considering the applicable law, the Court **ADOPTS** the Memorandum and Recommendation in its entirety. Dkt. No. 20. The Court **OVERRULES** Musich's objections, Dkt. No. 22. The Court hereby:

- **GRANTS** Respondent's motion for summary judgment, Dkt. No. 15
- **DISMISSES** Musich's claim regarding the white wedding dress as unexhausted and procedurally barred
- **DENIES** all other claims by Musich
- **DENIES** a certificate of appealability

Final judgment will enter separately.

SIGNED this 9th day of March, 2020.

_____
Hilda Tagle
Senior United States District Judge